UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

November 8, 2023

LETTER TO ALL COUNSEL OF RECORD

Re: *Melissa O. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 23-211-CDA

Dear Counsel:

On January 26, 2023, Plaintiff Melissa O. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 7) and the parties' briefs (ECFs 10, 12, 13). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on October 11, 2019, alleging a disability onset of March 6, 2019. Tr. 273–79. Plaintiff's claim was denied initially and on reconsideration. Tr. 171–72, 176–81. On December 21, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 41–98. Following the hearing, on April 6, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 15–40. The Appeals Council denied Plaintiff's request for review, Tr. 4–9, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

II.  **THE ALJ'S DECISION**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. "Under this process, an ALJ

---

[1] 42 U.S.C. §§ 301 et seq.

*Melissa O. v. Kijakazi*
Civil No. 23-211-CDA
November 8, 2023
Page 2

evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since March 6, 2019, the alleged onset date." Tr. 20. At step two, the ALJ found that Plaintiff suffered from severe irritable bowel disease ("IBD")/Crohn's disease, cervical and lumbar degenerative disc disease ("DDD"), post occipital neuritis, asthma, depression, and anxiety. *Id*. The ALJ also determined that Plaintiff suffered from non-severe migraines, fibromyalgia, arthritis, obesity, insomnia, cognitive impairment, and substance addiction disorder. *Id.* At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 22. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except: She is occasionally able to climb ramps or stairs but never able to climb ladders, ropes or scaffolds. She is occasionally able to balance, stoop, crouch, kneel, or crawl. She is able to use a cane or other hand-held assistive device for ambulation to and from the workstation or work area. She must avoid even moderate exposure to fumes, odors, dusts, gases, or other pulmonary irritants. She must avoid work at unprotected heights. She is able to carry out simple instructions and routine, repetitive tasks. She is able to perform work activities for up to 2 hours at a time but would then become distracted, causing the individual to be off task. However, time off task can be accommodated with normal breaks. She is occasionally able to change activities or work settings during the workday without it being disruptive. She is occasionally able to deal with changes in a routine work setting. She is able to have frequent interaction with co-workers and/or the general public. She must avoid work in an environment with more than a moderate noise level. She must avoid work in an environment with more than occasional exposure to direct sunlight or exposure to lighting brighter than that found in a typical office setting. She must avoid work requiring more than occasional use of computers or screens.

Tr. 25–26. The ALJ determined that Plaintiff was unable to perform any past relevant work but could perform other jobs that existed in significant numbers in the national economy. Tr. 32–33. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 33.

### III.   LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached by applying the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C.

*Melissa O. v. Kijakazi*
Civil No. 23-211-CDA
November 8, 2023
Page 3

§ 405(g).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.*  In conducting the "substantial evidence" inquiry, the Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.  ANALYSIS

Plaintiff raises three arguments on appeal.  First, she argues that the ALJ failed to support their evaluation of Plaintiff's subjective complaints with substantial evidence.  ECF 10, at 8–11.  Second, she contends that the ALJ erroneously evaluated the opinions of Drs. Aroon Suansilppongse and Aminur Khan.  *Id.* at 12–13.  Third, she argues that the ALJ failed to adequately address Plaintiff's limitations in concentration, persistence, and pace in the RFC.  *Id.* at 13–15.  Defendant counters that: (1) substantial evidence supported the ALJ's evaluation of Plaintiff's subjective complaints; (2) the RFC did not conflict with Dr. Suansilppongse's opinion; (3) the ALJ properly discounted Dr. Khan's opinion for its "vagueness"; and (4) the ALJ was not required to include any additional limitations in the RFC to account for Plaintiff's issues in maintaining concentration, persistence, and pace.  ECF 12, at 6–19.

Because it finds the argument dispositive, the Court begins by examining Plaintiff's second argument as it relates to the opinion of Dr. Aminur Khan.  Plaintiff contends that the ALJ improperly evaluated the opinion of Dr. Khan, who stated that Plaintiff "would most likely need three to four unscheduled breaks per day" and "would be absent from work due to her impairment/treatments once or twice a month intermittently."  ECF 10, at 7–8.  Specifically, Plaintiff avers that the ALJ, who found the opinion "partially persuasive," failed to conduct an analysis of the opinion's consistency with the remainder of the evidence as required by 20 C.F.R. § 404.1520c(c)(2).  *Id.* at 12.  Plaintiff argues that this omission constitutes harmful error because it leaves the Court unable to determine "why the RFC only included normal breaks and not *any* unscheduled breaks despite the partially persuasive opinion."  *Id.*

For claims, such as Plaintiff's, filed after March 27, 2017, an ALJ "must follow certain procedures when assessing the weight to which medical opinions are entitled." *Adrianna S. v. Comm'r of Soc. Sec.*, No. SAG-20-3136, 2022 WL 112034, at *1 (D. Md. Jan. 12, 2022) (citing 20 C.F.R. § 404.1520c).  Specifically, an ALJ must "articulate . . . how persuasive [the ALJ] find[s] all of the medical opinions . . . in [a claimant's] case record."  *Id.* (citing 20 C.F.R. § 404.1520c(b)).  "Supportability and consistency are the most important factors when considering the persuasiveness of medical opinions."  *Id.* (citing 20 C.F.R. § 404.1520c(b)(2)).  Therefore, the ALJ must "explain how [the ALJ] considered the supportability and consistency factors" when assessing a source's medical opinion.  *Id.*  "Supportability generally refers to 'the objective medical evidence and supporting explanations presented by a medical source.'"  *Id.* (citing 20 C.F.R. § 404.1520c(c)(1)).  In assessing consistency, the ALJ looks to the degree of cohesion

between the medical opinion and "the evidence from other medical sources and nonmedical sources in the claim." *Id.* (citing 20 C.F.R. § 404.1520c(c)(2)).

Here, after determining that Plaintiff's "time off task can be accommodated with normal breaks," Tr. 25, the ALJ provided the following analysis of Dr. Khan's opinion:

> The undersigned finds the January 2022 assessment from treating rheumatologist Aminur Khan, M.D. partly persuasive. The statement indicates that the claimant has no limits when in remission from Crohn's but does not indicate how often she is in remission versus having flares. (Exhibit 37F). He indicated a light lift/carry (10 to 20 pounds) and frequent posturals but did not indicate the exertional limits, only stating that she would most likely need 3 to 4 unscheduled breaks for an unknown amount of time and that she would be absent once or twice per month but that was "unknown" too because the intermittent flares were not predictable. The assessment is vague but persuasive to the extent it supports the residual functional capacity noted, which gives all benefit of the doubt to the claimant limiting her to sedentary and accounts for time off task and breaks in the day, as specified above.

Tr. 30–31.

This analysis constitutes error for several reasons. First, the ALJ appears to have assessed the persuasiveness of Dr. Khan's opinion based on its consistency with the RFC rather than its consistency with the remainder of the evidence. This constitutes a misapplication of the regulation governing the SSA's assessment of the "consistency" of a treating source's opinion. Rather than determining whether an opinion is consistent with the RFC, an ALJ must determine whether the opinion is consistent with "the evidence from other medical sources and nonmedical sources in the claim." *Adrianna S.*, 2022 WL 112034, at *1 (quoting 20 C.F.R. § 404.1520c(c)(2)). Here, the ALJ contravened that rule by determining that Dr. Khan's opinion was consistent with a pre-determined RFC. *See* Tr. 31 (finding Dr. Khan's opinion "persuasive to the extent it supports [Plaintiff's] residual functional capacity"). This "suggests that [the ALJ] first determined" Plaintiff's RFC and then "weigh[ed] . . . medical opinions coinciding with [their] predetermined finding." *Snyder v. Colvin*, No. 13-CV-585, 2014 WL 3107962, at *6 (N.D.N.Y. July 8, 2014) (determining that an ALJ "put the cart before the horse" by concluding that a medical opinion was consistent with the RFC, as the RFC "is determined *after* and *in light of* credible medical evidence, not *before*") (emphasis in original). Because the ALJ provided no explanation of whether Dr. Khan's opinion was consistent with anything other than the RFC, remand is warranted.

The ALJ further erred by failing to provide the second explanation that 20 C.F.R. 404.1520c requires—namely, an articulation of how the "objective medical evidence and supporting explanations presented by" Dr. Khan affected the persuasiveness of his opinion. 20 C.F.R. § 404.1520c(c)(1)). Simply put, an adequate supportability analysis requires an explanation of "what [the doctor] said he based his opinion on." *Mary W. v. Comm'r of Soc. Sec.*, Civ. No. 20-5523, 2022 WL 202764, at *10 (S.D. Ohio Jan. 24, 2022) (brackets in original) (citation omitted), *report and recommendation adopted sub nom*. *Wiseman v. Comm'r of Soc. Sec.*, 2022 WL 394627 (S.D. Ohio Feb. 9, 2022). Here, the ALJ failed to indicate how, if at all, Dr. Khan's

*Melissa O. v. Kijakazi*
Civil No. 23-211-CDA
November 8, 2023
Page 5

opinion was supported. Therefore, remand is also warranted on this basis.[2] *See Carlos F. v. Kijakazi*, No. BAH-22-2049, 2023 WL 3293086, at *4 (D. Md. May 5, 2023) (noting that remand is required where an ALJ fails to assess the supportability of an opinion which, if "properly evaluated," may have altered the ALJ's disability determination).

The ALJ's failure to properly assess Dr. Khan's opinion was not without consequence. During the hearing, the vocational expert testified that an employee would be unable to sustain work if they accumulated more than twelve excused absences in a year or more than six unexcused absences in a year. Tr. 91–92. Dr. Khan, however, opined that Plaintiff would need to be absent from work once or twice a month due to her "impairments or treatments." Tr. 1785–86. It is unclear whether Plaintiff may utilize both excused *and* unexcused absences to accommodate these issues. But even if Plaintiff would be able to do so, the vocational expert's testimony considered in conjunction with Dr. Khan's opinion would preclude Plaintiff from all work at step five if this aspect of Dr. Khan's opinion is deemed persuasive. Therefore, remand is necessary so that the ALJ can provide an analysis of Dr. Khan's opinion that fully comports with 20 C.F.R. § 404.1520c.

As this case is being remanded on other grounds, the Court need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider those arguments and make any required adjustments to the opinion. In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

V.  **CONCLUSION**

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g). The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge

---

[2] The Court agrees with Defendant that "vagueness" is a "permissible ground" for discounting Dr. Khan's opinion. ECF 12, at 19. An ALJ is permitted to consider any number of unenumerated factors "that tend to support or contradict a medical opinion" when assessing the opinion's persuasiveness. 20 C.F.R. § 404.1520c(c)(5). But because the ALJ's analysis did not also contain the requisite evaluation of the opinion's supportability and consistency, Defendant's argument is unavailing. *See id.* § 404.1520c(b)(2).